[687 NYS2d 654]

In the Matter of LAWRENCE S. RABINE (Admitted as LAWRENCE SCOTT RABINE), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 22, 1999

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains, for petitioner.

*Neal S. Comer,* White Plains, for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing seven charges of professional misconduct against him. After a hearing, the Special Referee sustained all seven charges. The Grievance Committee now moves to confirm the Special Referee's report. The respondent has submitted an affirmation in opposition and has asserted evidence in mitigation in which he asks the Court to consider imposing the mildest possible form of discipline.

Charge One alleged that in breach of his fiduciary duty, the respondent failed to maintain a duly constituted escrow account by failing to designate his special account as required, in violation of Code of Professional Responsibility DR 9-102 (B) (2) and DR 1-102 (A) (8) (22 NYCRR 1200.46 [b] [2]; 1200.3 [a] [8]). On or about May 22, 1996, the Lawyers' Fund for Client Protection informed the Grievance Committee that two checks, in the amounts of $1,357 and $390, respectively, drawn against the respondent's escrow account at Chemical Bank were presented for payment against insufficient or uncollected funds on April 22, 1996 and April 25, 1996, respectively. The Grievance Committee initiated a *sua sponte* complaint, pursuant to the Dishonored Check Reporting Rules (22 NYCRR 1300.1). The respondent was asked to provide the Grievance Committee with the bookkeeping records specified in Code of Professional Responsibility DR 9-102 (D) (1), (2) and (8) (22 NYCRR 1200.46 [d] [1], [2], [8]) for the six months prior to the date of the complaint.

The respondent submitted an answer dated August 1, 1996. He failed to provide the original cancelled checks, bank statements, and deposit slips for the account, but arranged for the bank to provide copies. The records were submitted to the Grievance Committee on or about November 19, 1996, and neither the bank statements, cancelled checks, nor deposit slips designate the account as an attorney trust, special, or escrow account, as required by Code of Professional Responsibility DR 9-102 (B) (2) (22 NYCRR 1200.46 [b] [2]). The account is simply labeled a "Client Funds Account".

Charge Two alleged that in breach of his fiduciary duty, the respondent failed to maintain a duly constituted escrow ac-

count in that he failed to maintain required bookkeeping records relating thereto, in violation of Code of Professional Responsibility DR 9-102 (D) (1), (2) and (8) and (H); and DR 1-102 (A) (8) (22 NYCRR 1200.46 [d] [1], [2], [8]; [h]; 1200.3 [a] [8]). By complaint dated May 23, 1996, and follow-up letters dated June 27, August 7, August 26, November 7, and December 6, 1996, the Grievance Committee directed the respondent to produce for inspection bookkeeping records, which he was required to maintain, relating to his attorney escrow account at Chemical Bank. On or about November 19, 1996, the respondent submitted to the Grievance Committee copies of bank statements and cancelled checks for the period January 1996 through July 1996, but failed to supply duplicate deposit slips.

On or about December 20, 1996, the respondent submitted an affirmation concerning the deposits and withdrawals made from the account for the time period in question. The affirmation, not made at or near the time of the transactions, was prepared by the respondent in response to the Grievance Committee's request for his required bookkeeping records. The respondent did not produce or maintain a record of the source of all funds deposited in such accounts, the names of all persons for whom the funds were held, the amount of the funds, and the names of all persons to whom the funds were disbursed.

Charge Three alleged that in breach of his fiduciary duty, the respondent failed to maintain a duly constituted escrow account by failing to safeguard funds entrusted to him to be held in escrow. This conduct also reflects adversely on his fitness to practice law, in violation of Code of Professional Responsibility DR 9-102 (A) and DR 1-102 (A) (8) (22 NYCRR 1200.46 [a]; 1200.3 [a] [8]). On at least two separate occasions,the balance in the respondent's escrow account fell below that which he was required to hold. On or about April 15, 1996, the respondent deposited or caused to be deposited into his escrow account the sum of $4,778 on behalf of his client, Fein Families Trust, including a check for $2,223 which was not collected by the bank, and was returned on or about April 22, 1996. He thereafter made disbursements totalling $4,778 with respect to the Fein Families Trust. On or about April 22, 1996 and April 25, 1996, two checks drawn in payment of expenses for the Fein Families Trust in the amounts of $1,357 and $390 were presented for payment at Chemical Bank against insufficient funds. Accordingly, the respondent only had the sum of $2,555 available for disbursement regarding the Fein Families Trust.

Charge Four alleged that in breach of his fiduciary duty, the respondent failed to maintain a duly constituted escrow account because he converted funds entrusted to him to be held in escrow. This conduct adversely reflects on the respondent's fitness to practice law, in violation of Code of Professional Responsibility DR 9-102 (A) and DR 1-102 (A) (8) (22 NYCRR 1200.46 [a]; 1200.3 [a] [8]). By check number 1053 drawn on that account on April 18, 1996, the respondent disbursed the sum of $4,892.04, payable to the Estate of Grace Sabato. At that time, however, there were no funds on deposit in the respondent's primary escrow account relating to the Estate of Grace Sabato. Funds corresponding to the estate matter were not transferred into the respondent's primary escrow account until on or about April 24, 1996. The respondent disbursed check number 1053 from his primary escrow account before transferring corresponding funds from the Sabato Client Funds Account, which he had established as a subaccount of his primary escrow account. As a result, that check was drawn against funds on deposit in the respondent's primary escrow account pertaining to unrelated clients.

Charge Five alleged that in breach of his fiduciary duty, the respondent failed to maintain a duly constituted escrow account because he converted funds entrusted to him to be held in escrow. This conduct adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 9-102 (A) and DR 1-102 (A) (8) (22 NYCRR 1200.46 [a]; 1200.3 [a] [8]). By check number 1043 drawn on that account and dated April 1, 1996, the respondent disbursed the sum of $300 payable to the Bronx County Surrogate, relating to the Estate of Grace Sabato. The check cleared the respondent's primary escrow account on or about April 3, 1996. At that time, however, there were no funds on deposit in the respondent's primary escrow account pertaining to the Sabato estate. Funds corresponding to the estate matter were not transferred into the respondent's primary escrow account until on or about April 9, 1996. The respondent disbursed check number 1043 from his primary escrow account before transferring corresponding funds from the Sabato Client Funds Account, which he had established as a subaccount of his primary account. As a result, the subject check was drawn against funds on deposit in the respondent's primary escrow account pertaining to unrelated clients.

Charge Six alleged that in breach of his fiduciary duty, the respondent failed to maintain a duly constituted escrow ac-

count because he converted funds entrusted to him to be held in escrow. This conduct adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 9-102 (A) and DR 1-102 (A) (8) (22 NYCRR 1200.46 [a]; 1200.3 [a] [8]). The amount in the respondent's primary escrow account was insufficient. On or about April 26, 1996, the respondent deposited or caused to be deposited the sum of $50,000 regarding his client, McOwen Development. The balance on that date was $49,377.04.

Charge Seven alleged that in breach of his fiduciary duty, the respondent failed to maintain a duly constituted escrow account, because he converted funds entrusted to him to be held in escrow. This conduct reflects adversely on his fitness to practice law, in violation of Code of Professional Responsibility DR 9-102 (A) and DR 1-102 (A) (8) (22 NYCRR 1200.46 [a]; 1200.3 [a] [8]). On or about April 15, 1996, the respondent deposited or caused to be deposited the sum of $4,778 on behalf of his client, Fein Families Trust, into his escrow account at Chemical Bank. Thereafter, the respondent made disbursements totalling $4,778 with respect to the Fein Families Trust. As of April 19, 1996, the respondent had only $2,555 available for disbursement regarding the Trust. As a result of the disbursements, the respondent's primary escrow account balance was depleted to less than the amount he was required to hold. There was a negative balance on April 19, April 22, April 23, April 24, and April 25, 1996.

Based on the evidence adduced, the Grievance Committee's motion to confirm the Special Referee's report which sustained all seven charges of professional misconduct is granted.

In determining an appropriate measure of discipline to impose, we have considered the respondent's contentions that he acted on the mistaken belief that a client's checks deposited into his escrow account had cleared. Further, the respondent issued checks on his main escrow account in the mistaken belief that his bank had followed his instructions to transfer funds from a subaccount into the main account. Although sufficient funds were on deposit in the main account, they had not yet been transferred. Based on those mistaken beliefs, the respondent issued checks from his escrow account for his client's benefit. The respondent also asks the Court to consider his previously unblemished record, the character evidence which establishes his good reputation and good works in his community, the complete absence of venality, and the fact that his conduct was negatively affected by his very serious medical condition at the time in question.

Under these particular circumstances, the respondent is publicly censured.

MANGANO, P. J., BRACKEN, S. MILLER, O'BRIEN and LUCIANO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Lawrence S. Rabine, is censured for his professional misconduct.